**IN THE COURT OF APPEALS OF IOWA**

No. 22-0448
Filed June 15, 2022

**IN THE INTEREST OF K.S.,**
**Minor Child,**

**C.H., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Christina M. Shriver, Waterloo, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**MAY, Presiding Judge.**

A father appeals from the termination of his parental rights to his child, K.S.[1] On appeal the father argues no statutory ground authorizes termination and termination is not in the child's best interest due to the parent-child bond. He also requests additional time to work toward reunification. We affirm.

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. Finally, we consider any additional arguments raised by the parent.

The father challenges the statutory grounds. The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (g), and (h) (2021). When, as here, the court terminates based on multiple statutory grounds, we may affirm based on any ground satisfied. *In re N.S.*, No. 14-1375,

---

[1] The mother consented to the termination of her parental rights. She does not appeal.

2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014). We choose to address paragraph (h), which authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). The father only challenges the fourth element, whether K.S. could be safely returned to his care. *See In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020) (explaining the fourth element of paragraph (h) requires the State to establish the child cannot safely return to the parent's care).

We conclude K.S. could not be safely returned to the father's care. First, the father has unresolved anger issues. For example, he warned care providers on three separate occasions that he would "murder someone" if his rights to K.S. were terminated. And he warned he would go to a case "worker's home and sit in a chair while they sleep and he was prepared to do prison if someone trie[d] to take another kid from him." The father also has a history of methamphetamine use. Methamphetamine use creates a dangerous environment for children. *See In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) ("A parent's methamphetamine use, in itself, creates a dangerous environment for children."). The father tested positive for the substance in May 2021. And he missed twenty-four of twenty-eight drug tests offered. We presume these tests

would have been positive for illicit substances. *See In re I.J.*, No. 20-0036, 2020 WL 1550702, at *2 (Iowa Ct. App. Apr. 1, 2020) ("We presume these missed drug tests would have resulted in positive tests."); *In re D.G.*, No. 20-0587, 2020 WL 4499773, at *4 (Iowa Ct. App. Aug. 5, 2020); *In re L.B.*, No. 17-1439, 2017 WL 6027747, at *2 (Iowa Ct. App. Nov. 22, 2017); *In re C.W.*, No. 14-1501, 2014 WL 5865351, at *2 (Iowa Ct. App. Nov. 13, 2014) ("She has missed several drug screens, which are thus presumed 'dirty,' i.e., they would have been positive for illegal substances."). The father's housing is also not stable. So we conclude K.S. could not be safely returned to the father's care. And a statutory ground authorizing termination is satisfied.

Next, we address our steps two and three in tandem. Step two centers on the child's best interest. *See* Iowa Code § 232.116(2). When making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41. Step three permits the court to apply permissive exceptions to forgo termination in certain circumstances. *See* Iowa Code § 232.116(3). However, the burden of establishing an exception rests with the parent. *See A.S.*, 906 N.W.2d at 476.

Here, the father asks us to conclude termination is not in K.S.'s best interest and apply an exception to termination due to his bond with K.S. *See* Iowa Code

§ 232.116(3)(c). Because we think termination of the father's rights is in K.S.'s best interest and the father points to no evidence of a strong parent-child bond, we decline to apply the permissive exception. *See id.* (permitting the court to forgo termination due to the parent-child bond only when it is so strong that termination would be "detrimental to the child").

Finally, we address the father's request for additional time to work toward reunification. The juvenile court *may* defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). But the father does not identify what changes would occur in six months' time. Nor do we believe there will be any significant changes that would permit reunification. So we do not grant the father any additional time.

**AFFIRMED.**